In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2813

ELIZABETH A. ACEVEDO, *et al.*,

*Plaintiffs-Appellants,*

*v.*

PROFESSIONAL TRANSPORTATION, INCORPORATED, and RONALD
D. ROMAIN,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:19-cv-00024-RLY-MPB — **Richard L. Young**, *Judge.*

ARGUED APRIL 9, 2024 — DECIDED OCTOBER 31, 2024

Before EASTERBROOK, ROVNER, and JACKSON-AKIWUMI,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge*. Professional Transportation's
employees drive railroad workers to their job sites in passen-
ger vans. In 2014 a group of current and former drivers
brought a collective action under the Fair Labor Standards
Act, 29 U.S.C. §§ 201–219 (FLSA), seeking damages for over-
time and minimum-wage violations. The district court

conditionally certified the collective action, and around 3,500 workers opted in. The judge later determined that the collective action was overbroad and decertified it, leaving the workers to pursue their claims individually. *Crawford v. Professional Transportation, Inc.*, 2017 U.S. Dist. LEXIS 41545 (S.D. Ind. Mar. 22, 2017), motion to reconsider denied, 2017 U.S. Dist. LEXIS 131047 (S.D. Ind. Aug. 17, 2017). The suit was then abandoned, and no one appealed.

Instead counsel in that litigation brought a second collective action in a different district court on behalf of more than 1,400 of the workers who had opted in to *Crawford*. The parties refer to these as the "named plaintiffs" since their names were included in the complaint. The complaint asserted most of the same claims as before but added a new one. Many of the company's vans are stored at hubs, but it permits some employees to drive the vans home at the end of their workdays. To account for this time, it maintained a formula to determine a "commute time adjustment" for each trip. The formula excluded from a worker's timesheet time spent "commuting"—activities such as driving to a hub to pick up a van or to a worker's home after completing a job—though not every hub used the formula. The new claim in the new suit contests the way this formula works.

This second case was transferred to the Southern District of Indiana, which again declined to certify a collective action on the issues raised in *Crawford* but conditionally certified a collective action about the commute-time formula. 2020 U.S. Dist. LEXIS 267120 (S.D. Ind. July 9, 2020). More than 3,000 persons eventually filed with the court consents to join this second suit. The parties refer to this group as the "opt-in plaintiffs". After additional proceedings, the court decertified the

collective action on the commute-time claim because the formula was not applied at all of Professional Transportation's locations, and commute-time adjustments affected different workers differently (depending, for example, on the distance between their homes and their workstations). Cf. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The district court severed the claims as misjoined, see Fed. R. Civ. P. 20 and 21, leaving Joseph Miller as the sole plaintiff. The court then determined that the Act's statute of limitations bars Miller's claim. The plaintiffs' lawyers filed a notice of appeal.

This brings us to the main problem in this appeal: the lack of an appellant. The Act requires each plaintiff in a collective action to consent in writing to join the suit and file the consent with the court in which the action is brought. 29 U.S.C. §216(b). A would-be plaintiff who fails to satisfy either requirement is not a party. *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004).

The "named plaintiffs" did not satisfy either requirement. Counsel filed a complaint naming 1,400 current or former employees of Professional Transportation and attached an exhibit listing each person's state of residence, employee number, and the date on which he or she had consented to join the *Crawford* litigation. Counsel did not submit with the complaint documents demonstrating that any of these employees had consented to join *this* case, however. Under *Harkins* none of these 1,400 "named plaintiffs" became a party on the complaint's filing date.

When asked about this issue, counsel offered three replies. First, they asserted that the plaintiffs did not need to provide written consent because all 1,400 had consented to join the earlier suit. The obvious problem with this argument is that

§216(b) requires a consent to be filed "in the court in which such action is brought." One can't meet this requirement by recycling consents to join a different lawsuit, filed in a different court. Counsel have proceeded as if this case were a continuation of *Crawford*. They are mistaken. *Crawford* is over. This is a new case, and anyone who wished to become a party to it as a collective action needed to file a written consent.

Second, counsel pointed to the fact that they have forms signed by each "named plaintiff" authorizing counsel, contingent on the first collective action being decertified, to represent them for "any claims that [they] may have regarding unpaid overtime … against Professional Transportation". These forms may indicate retention of a law firm, but they are not consents to join a lawsuit. The statute speaks about filing in court consent to join a *specific* suit, not about counsel having a consent to act as a person's agent.

Finally, counsel argued that defendants "waived" the holding in *Harkins* by not raising it in the district court. Yet the consent requirement is not a technical formality. Filing a consent to participate in a collective action is what makes a person a party, and only parties can appeal. *Devlin v. Scardelletti*, 536 U.S. 1 (2002), permits class members to appeal independent of the class representative, but, until a person files a consent to join a collective action, he is just a bystander.

Requiring written consent protects the interests of persons who otherwise could have their rights adjudicated without their knowledge. *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1016 (7th Cir. 1988). The opt-in requirement distinguishes collective actions from class actions seeking damages, which allow class members to opt *out*, rather than *in*. See Fed. R. Civ. P. 23(b); see also *Espenscheid v. DirectSat USA, LLC*, 705

F.3d 770 (7th Cir. 2013). Whether by opting in to a collective action or opting out of a class action, people can preserve their autonomy. The protection the consent requirement provides to workers is not a defendant's to waive. (Nor is waiver the correct concept here—this would be forfeiture.)

*Smith v. Professional Transportation, Inc.*, 5 F.4th 700 (7th Cir. 2021), identified some uncertainty about whether a plaintiff initiating a collective action needs to file a separate document consenting to join the suit. *Smith* dealt with a single plaintiff filing a collective action on behalf of her coworkers. We noted there that a sole plaintiff's consent might be inferred from filing a complaint in such circumstances. The complaint in this case names more than 1,400 plaintiffs, and the issues with notice and consent are obvious. Counsel did not ask us to overrule *Harkins* in their opening brief even though they concede they knew about the *Harkins* issue all along. We will not revisit that decision today.

The people named in the complaint did not become parties to this litigation at the outset, and so we lack jurisdiction to hear an appeal brought by them unless they filed consents later. Roughly 3,000 persons did file consents between the complaint's filing and the district court's order decertifying the collective action. There is some overlap between the opt-in list and the original set of named plaintiffs. Any of the 1,400 named plaintiffs who later filed a consent became a party— and each of the opt-ins also became a party. Yet counsel have not prosecuted this appeal on behalf of anyone who ever filed a consent.

After filing a notice of appeal, an attorney must provide the court with a statement "naming the parties that the attorney represents on appeal." Fed. R. App. P. 12(b). Attorneys

typically satisfy this requirement via a disclosure statement under Circuit Rule 26.1. The form counsel filed to comply with this rule requires an attorney to provide "[t]he full name of every party that the attorney represents in the case". Counsel stated that they represent "Elizabeth A. Acevedo, Michael Acevedo, Richie L. Acevedo, Brian A. Adair, and Yusuf A. Ghafoor and class". None of these five filed a consent to join the litigation, so none is a party under *Harkins*. What's more, the district court dismissed Abdul-Ghafoor from the case with prejudice after he failed to respond to discovery. Counsel consented to the dismissal and has not argued on appeal that it was erroneous. None of these people is a proper appellant. If counsel intended to appeal on behalf of other plaintiffs, they needed to name them on their disclosure forms, following the common practice of listing them on additional pages if necessary.

This leaves the "class". Class actions and collective actions are different species of litigation. Without certification and opt-ins by individual plaintiffs, a collective action is not equivalent to a "class". *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); *Luna Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 724 (7th Cir. 2024) (a "collective action tracks with a mass action and is quite unlike a class action") (cleaned up). Even if we ignored this distinction, there is the additional fact that none of the named plaintiffs in an uncertified collective action acts as a representative for another. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248–49 (11th Cir. 2002). Cf. *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 569–71 (7th Cir. 1995). Counsel does not claim to be litigating this appeal on behalf of any plaintiff who acts in a representative capacity.

Once the district court determined that the case could not proceed as a collective action, it concluded that the 1,400 named plaintiffs had been improperly joined and ordered severance. Counsel has not argued on appeal that this ruling was erroneous. The court gave the plaintiffs the opportunity to proceed individually. There were no takers, leaving Joseph Miller as the sole plaintiff.

The court selected Miller because he is the only person about whom the complaint made specific allegations regarding the commute-time policy. We shall assume, without deciding, that these allegations permit Miller to proceed on an individual basis, even if he did not file the consent necessary to join a collective action. See *Smith*, 5 F.4th at 703–04. Yet Miller is not mentioned in the case caption or disclosure statements filed by counsel, let alone mentioned in a way indicating that Miller appeals as other workers' representative.

Miller lost because the district court determined that the statute of limitations, 29 U.S.C. §255(a), had run on all of the claims he asserted. Counsel eventually gets around to Miller at page 50 of appellants' brief but does not try to explain why the district court's conclusion is incorrect. Appellants' brief asserts that Miller should be treated as having begun his action on October 13, 2017 (the date this second suit was filed in the Southern District of Illinois), but since the district court found that all of Miller's claims accrued before October 13, 2014, and the statute of limitations is two years (three for wilful violations), we do not understand how the assertion counts as an argument for reversal. It may be that counsel meant to assert that Miller is entitled to the filing date of the first suit (in 2014); some ambiguous language in the brief can be read that way. But, as we have stressed, the *Crawford*

litigation ended in 2017, and counsel has not argued that an analogy to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), allows tolling in failed collective actions. See *Luna Vanegas*, 113 F.4th at 725 (*American Pipe* does not apply to collective actions).  What's more, *Crawford* did not contest the commute-time adjustment, so tolling after the fashion of *American Pipe* would not help Miller, something the district judge pointed out but Miller's counsel ignores.

Bottom line: plaintiffs' lawyers have prosecuted this appeal on behalf of five people who are not parties and so cannot take an appeal. Without an appellant, we lack appellate jurisdiction and for that reason dismiss the appeal.